WILSON, J., DISSENTING:
*863 ¶ 14. The jury in this Federal Employers' Liability Act (FELA) case awarded the plaintiff (Hagan) damages for injuries that her decedent (Oakes) suffered as a result of his exposures to asbestos while he was employed by Illinois Central. The sole issue in this appeal is whether the judgment against Illinois Central should be offset (i.e., reduced) based on settlement payments that Hagan or Oakes previously received from the bankruptcy trusts of the manufacturers of the asbestos to which Oakes was exposed. The majority rule on this issue of federal law is that Illinois Central is entitled to such an offset, also known as a "pro tanto credit." This rule is consistent with background common law, and it is not inconsistent with the FELA. The majority reaches the opposite conclusion, holding that payments Hagan or Oakes have already received for the exact same injury must be ignored-and that Hagan is entitled to recover more than once for the same injury. I disagree and respectfully dissent.
¶ 15. "[A]lthough common-law principles are not necessarily dispositive of questions arising under [the] FELA, unless they are expressly rejected in the text of the statute, they are entitled to great weight in our analysis." Consol. Rail Corp. v. Gottshall , 512 U.S. 532, 544, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). Addressing the same issue that is raised in this case, the Ohio Supreme Court recognized that "it is well established at common law that apart from the collateral-source rule, a partial satisfaction received from one of two joint tortfeasors serves to diminish the liability of the nonsettling defendant." Hess v. Norfolk S. Ry. , 106 Ohio St.3d 389, 835 N.E.2d 679, 686 (¶ 31) (2005). Accordingly, the Ohio Supreme Court held that as a matter of federal law a FELA defendant is entitled to a pro tanto (i.e., dollar-for-dollar) credit or offset for settlements paid to the plaintiff by non-FELA entities for the same injury. Id. at 689 (¶ 48). This is the correct approach, as nothing in the FELA's text expressly rejects a defendant's common law right to such credits. The U.S. Court of Appeals for the Fourth Circuit, the U.S. Court of Appeals for the Seventh Circuit, and the Nebraska Supreme Court have all reached the same conclusion. Schadel v. Iowa Interstate R.R. , 381 F.3d 671, 678 (7th Cir. 2004) ; Benson v. CSX Transp. Inc. , 274 Fed.Appx. 273, 276 (4th Cir. 2008) ; Strasburg v. Union Pac. R.R. , 286 Neb. 743, 839 N.W.2d 273, 280 (2013) ; see also, e.g. , Mancini v. CSX Transp. Inc. , No. 08-CV-933, 2010 WL 2985964, at *6 (N.D.N.Y. July 27, 2010).
¶ 16. The majority gives three reasons for departing from the majority rule on this issue of federal law. None of these reasons is persuasive. First, the majority says that all but one of the above-cited cases "are immediately distinguishable" and "inapposite" simply because the setoff in those cases related to a settlement paid by another named defendant in the case. The majority does not explain why this makes a difference or cite any authority suggesting that a defendant's right to a credit turns on whether the plaintiff's settlement was obtained in the same lawsuit or in some other context. The distinction makes no legal difference; the relevant question is simply whether the defendant is entitled to a setoff for settlements paid to the employee by other parties who contributed to the same injury.
¶ 17. The majority next contends that Norfolk & Western Railway v. Ayers , 538 U.S. 135, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003), abrogates FELA defendants' right to a pro tanto credit. However, Ayers only held that the FELA does not require "an initial apportionment of damages among *864 potential tortfeasors"-i.e., in a FELA case, the jury does not assign fault to non-railroad defendants. Id. at 141, 123 S.Ct. 1210. Instead, the FELA "allow[s] the worker to recover his entire damages from a railroad whose negligence jointly caused an injury ..., thus placing on the railroad the burden of seeking contribution from other tortfeasors." Id.
¶ 18. The Ayers Court did not address the distinct question whether a railroad is entitled to a setoff for a settlement that the employee has already received from a third party. In fact, the Court noted-without any suggestion of disapproval-that the trial court in that very case had granted such a setoff "for settlements with non-FELA entities." Id. at 144, 123 S.Ct. 1210. Notably, Justice O'Connor joined the Ayers opinion in relevant part and later, sitting by designation, joined the Fourth Circuit's opinion holding that a FELA defendant is entitled to a pro tanto setoff for a settlement paid by another party who contributed to the plaintiff's injury. Benson , 274 Fed.Appx. at 276. Clearly, Justice O'Connor saw no inconsistency between Ayers and the allowance of such credits.
¶ 19. It is one thing to hold, as the Ayers Court did, that an employee's recovery should not be reduced based on a jury's apportionment of fault to a nonparty. It is quite another thing to suggest that an employee should be able to recover the same damages over and over again from different parties, without any offset for compensation he has already received. Ayers addresses the former issue, but nothing in the opinion precludes recognition of a pro tanto credit for settlements already paid for the same injury.
¶ 20. The majority also suggests that the common law collateral-source rule precludes pro tanto credits in this context. However, "a joint tortfeasor is not a collateral source that can be ignored under the collateral-source rule." 22 Am. Jur. 2d Damages § 388 (2003) ("This result is mandated by the rule that a plaintiff is entitled to only one recovery for a single injury ....").[5] Hagan alleges that Oakes was injured when he was exposed to asbestos during his employment with Illinois Central. The manufacturers of the asbestos to which Oakes was exposed are not "collateral sources." They are joint tortfeasors whose own tortious conduct rendered them directly liable to Oakes (or Hagan) for the same injury sued on here. The collateral-source rule is inapplicable to this situation.
¶ 21. The defendant's right to such credits-and the inapplicability of the collateral-source rule-is reflected in our own common law. "It has long been the practice in Mississippi that, when there are multiple potential defendants liable on a claim and a settlement is reached with some, but not all, defendants, those defendants who proceed to trial and suffer a judgment against them are entitled to credit on that judgment for those amounts received in settlement from entities not party to the litigation." Brown v. N. Jackson Nissan Inc. , 856 So.2d 692, 697 (¶ 20) (Miss. Ct. App. 2003).[6] "This practice has its origins in the notion that, though there may be multiple parties potentially liable *865 for the plaintiff's injuries, a plaintiff is entitled to only one recovery of his damages." Brown , 856 So.2d at 697 (¶ 20).
¶ 22. Nothing in the FELA entitles the plaintiff to more than one recovery for his damages. This case involves an injury caused by exposure to asbestos; the plaintiff has already been compensated for this same injury by the manufacturers of the asbestos; and there is no reason that her recovery against Illinois Central should not be reduced to account for those payments. The purpose of the FELA is to afford the employee a full recovery for his injury, reduced only by the employee's comparative fault. See Ayers , 538 U.S. at 141, 123 S.Ct. 1210 ; Schadel , 381 F.3d at 678 ; Hess , 835 N.E.2d at 689 (¶ 46). Allowing the railroad a credit for settlement payments that the plaintiff has already received for the same injury does not frustrate the plaintiff's ability to obtain a full recovery. It only prevents double recovery for the same injury. I would follow the majority rule permitting such credits in FELA cases. Accordingly, I respectfully dissent.[7]
GRIFFIS, P.J., JOINS THIS OPINION.

"Where the independent tortious acts of two or more persons supplement one another and concur in contributing to and producing a single indivisible injury, such persons are in legal contemplation regarded as joint tortfeasors, notwithstanding the absence of concerted action." D & W Jones Inc. v. Collier , 372 So.2d 288, 292 (Miss. 1979) (quoting 74 Am. Jur. 2d Torts § 62 (1974) ).

As this Court explained in Brown , our statutory law now provides that a defendant's liability will be reduced based on the jury's apportionment of fault at trial rather than a post-trial credit for any settlements paid. See Brown , 856 So.2d at 697 (¶ 21) (citing Miss. Code Ann. § 85-5-7 (Rev. 1999)).

In a footnote, the majority argues that Illinois Central is not entitled to a setoff because "[t]his Court and the court below are unaware of how and under what conditions [the relevant settlement] payments occurred as they were made by entities not a party herein." Indeed, the majority goes so far as to assert that "[t]he only method" for Illinois Central to have established its right to a setoff would have been to join the asbestos entities as parties. Ante at n.4 (emphasis added). This is simply incorrect. Hagan acknowledged in response to an interrogatory that the relevant settlements payments were based on the same "injuries [and] damages incurred allegedly due to [Oakes's] exposure to asbestos, silica, dust, sand or other substances as asserted in this suit against Illinois Central." This is all that Illinois Central needed to establish to obtain a setoff. It was unnecessary for Illinois Central to join the asbestos entities or put on evidence of their relative "fault." Further, whether a defendant is entitled to a setoff based on a prior settlement is an issue for the trial judge, not the jury. See Brown , 856 So.2d at 694, 698 (¶¶ 7, 22-27). Therefore, the majority also errs to the extent that it suggests Illinois Central could or should have presented the issue to a jury.